UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM OSCAR WARD,

    Plaintiff,

v.

WESLEY MEDICAL CENTER, LLC and HCA HEALTHCARE, INC.,

    Defendants.

Case No. 23-1091-HLT-BGS

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se[1] Plaintiff William Oscar Ward's (hereinafter "Plaintiff" or "Mr. Ward") motion for recusal of Magistrate Judge Brooks Severson, Doc. 43, and motion to stay discovery, Doc. 44. In support of his motion, Plaintiff argues that the undersigned is biased against him and expresses frustration with the handling of the case. The Court has reviewed Plaintiff's motions as well as the attached exhibits. For the reasons stated herein, the Court **DENIES** Plaintiff's motion for recusal and **denies as MOOT** his motion to stay discovery.

### I.   Background

Plaintiff brings four claims against Defendants Wesley Medical Center, LLC and HCA Healthcare, Inc. for (1) violations of the Americans with Disabilities Act ("ADA"); (2) retaliation under the ADA; (3) violations of the Family and Medical Leave Act ("FMLA"); and (4) retaliation under the FMLA. The case was initially assigned to Magistrate Judge Gwynne Birzer. Judge Birzer entered an initial order on June 28, 2023, requiring initial disclosures and a proposed scheduling order to be submitted by August 9, 2024. The scheduling conference was set for August 16, 2023.

---

[1]Plaintiff proceeds pro se. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

1

On August 14, 2023, Judge Birzer recused from the case and the case was transferred to Magistrate Judge Kenneth Gale. Judge Gale retired on August 16, 2023, and the case was then transferred to the undersigned. The undersigned promptly entered a revised initial order on August 21, 2023, and requested that a new proposed scheduling order be prepared by the parties. The scheduling conference was reset for September 18, 2023, at 2:00 p.m. As Plaintiff notes in his motion, defense counsel arrived approximately 25 minutes late. Defense counsel informed the Court that they mistakenly calendared the hearing for 2:30 p.m. Given that defense counsel had to travel nearly 200 miles from Kansas City, and the Court did not have any immediate pressing matter, the Court and Plaintiff waited for defense counsel to arrive. The hearing started at 2:25 p.m. and concluded at 3:16 p.m.

During the scheduling conference, there was a dispute concerning whether Defendant HCA Healthcare, Inc. was a proper party to the lawsuit.[2] In an effort to facilitate resolution of the issue, the Court ordered the parties to confer and submit a joint status report to the Court indicating whether Defendant HCA Healthcare, Inc. will remain as a party. The Court received the joint status report which stated that the parties could not come to an agreement. Given that the parties fulfilled the Court's instructions, the Court took no further action on the matter.

Throughout the discovery period, there has been apparent confusion regarding the purpose of the joint status report as well as the Federal Rules of Civil Procedure. Plaintiff has doggedly pursued matters that appear to be irrelevant to the claims in the case. He has filed numerous motions for clarification arguing that his due process rights are at issue. For instance, he filed a motion for clarification regarding the judicial assignments in this case. Doc. 36. In support of the motion, he argued that he needs to know the reasoning of the assignments because it invokes

---

[2] In its answer, Defendant HCA Healthcare, Inc. denied that it ever employed Plaintiff. Doc. 8.

"tenets of due process." *Id.* The Court denied that motion because there is not a due process right associated with knowing the reasoning behind judicial assignments. Doc. 38. Plaintiff has also taken issue with prior orders of the undersigned. On November 15, 2023, Defendant Wesley Medical Center, LLC filed a motion for extension of time to respond to discovery requests. Doc. 25. It sought a modest one-week extension. Although Plaintiff's position was not known, the Court granted the motion because Defendant demonstrated good cause why the extension should be granted. Doc. 26. Plaintiff filed a 10-page objection to the Court's text entry granting Defendant's motion. In his objection, he sought superfluous relief such as sanctions against the Defendant and default judgment. District Judge Holly Teeter overruled Mr. Ward's objection. Undeterred, Plaintiff sought reconsideration of Judge Teeter's order. Judge Teeter denied his motion for reconsideration.

Mr. Ward has also contacted the Court via email on numerous occasions. He has emailed the Court to seek relief from a mediation order. That relief was granted. Doc. 27. He has also emailed the Court seeking assistance with discovery disputes. The first email was sent on January 18, 2024. After receipt of his first email, the Court had concerns whether Plaintiff had complied with the Local Rules. In response to the email, the Court reminded Plaintiff that he needed to meet and confer with defense counsel regarding discovery disputes pursuant to D. Kan. Rule 37.2. In addition to that requirement, the Court also reminded Plaintiff that all discovery-related motions need to be filed no later than 30-days after an alleged default or deficient response. The Court directed Plaintiff to confer with Defendant and then re-engage the Court.

On February 3, 2024, Mr. Ward again emailed the Court. This time he requested a conference to discuss pending discovery issues relating to whether HCA Healthcare, Inc. was his employer during the time of his alleged discrimination. He did not indicate whether he complied with the Court's prior directive to confer with opposing counsel. Nonetheless, the Court responded with a list of times the undersigned was available and directed him to find which time would work

3

for both parties. Mr. Ward responded on February 7, 2024, and stated that he did not want a conference prior to March 15, 2024. In the meantime, he filed a motion for clarification in which he sought clarification regarding the employer-employee relationship between HCA Healthcare and Plaintiff, an explanation of why the Court had not issued a ruling or guidance pertaining to that dispute, and an extension of the discovery deadline. Given that a motion had been filed seeking discovery-related relief, the Court was not agreeable to postponing the conference for over a month (and beyond the discovery deadline). As such, the Court set the hearing for a motion and informed the parties that they will be expected to participate. The hearing was set for February 13, 2024, at 2:00 p.m. by telephone.

Near midnight on February 12, 2024, the Plaintiff filed his motion for recusal of the undersigned as well as a motion to stay discovery. The Court has reviewed those motions and is prepared to rule.

II. Analysis

   a. Motion to Recuse

Plaintiff moves to disqualify the undersigned Magistrate Judge from further presiding over this case. The decision to recuse is committed to the sound discretion of the trial court. *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987). Recusal is appropriate when a judge's impartiality may be reasonably questioned. *See, e.g.*, 28 U.S.C. § 455; *see also* Hinman, 831 F.2d at 938. There are two statutes that govern judicial recusal, 28 U.S.C. §§ 144 and 455. *See also Burleson v. Sprint PCS Grp.*, 123 F. App'x 957, 959 (10th Cir. 2005). Under 28 U.S.C. § 144, the moving party must submit an affidavit showing bias and prejudice. *Id.* at 959–60 (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "'facts of time, place, persons, occasions, and circumstances.'" *Id.* at 960 (quoting *Hinman*, 831 F.2d at 937, 939). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and

4

opinions. *Id.*

Under 28 U.S.C. § 455, a judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned," or "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(a) & (b)(1).  The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

Here, Plaintiff has not established a basis for recusal.  The Court has reviewed the motion as well as his supporting affidavit.  He presents several misgivings with the case, but none warrant the recusal of the undersigned.  First, he criticizes the Defendant for being late to the scheduling conference.  He also takes issue that the Court did not scold or sanction the Defendants for their tardiness.  Defendants apparently mis-calendared the hearing for 2:30 p.m. instead of 2:00 p.m.  However, the Court was cognizant of the fact that defense counsel traveled nearly 200 miles to the hearing.  The Court aimed to proceed with the hearing instead of delaying the scheduling conference.  Rescheduling the hearing would only accomplish delaying the case further.  In its discretion, the Court did not find a sanctions or a rebuke on the record appropriate.  This is not a basis for recusal under either statute.

Second, Plaintiff is upset that the Court granted a modest one-week extension of time to respond to his discovery requests.  The merits of this motion and the subsequent order have already been litigated.  The District Judge overruled his objections and denied his motion for reconsideration.  So, the Court will not rehash those issues herein.  The Court found that Defendant established good cause and granted the extension.  The Defendant served the discovery in the time allowed by the Court.  Similarly, this does not present a basis for recusal.

Third, Plaintiff is concerned that he has not been given a ruling on the employee-employer

5

relationship between HCA Healthcare and Mr. Ward. At the original scheduling conference, the Court inquired whether one of the Defendants was the employer of Mr. Ward. Defense counsel indicated that Wesley Medical Center was his employer, but HCA Healthcare was not. To help facilitate resolution and streamline discovery, the Court ordered the parties to confer to see if an agreement could be reached to dismiss HCA Healthcare based on Defendant's representation that Defendant Wesley Medical Center was Plaintiff's sole employer. The parties were directed to provide a status update to the Court following the meet and confer and whether an agreement was reached. The Court did not require the parties to agree or to take any further action beyond the joint status report. Mr. Ward advised the Court that they were not able to come to an agreement. As such, the case proceeded as filed with both Defendants in the case. There is nothing for the Court to rule on regarding the status report.[3] As such, this is not a basis for recusal.

Fourth, Mr. Ward argues that the Court ordered a redundant conference between the parties. This refers to a response to Plaintiff's January 18, 2024 email. Plaintiff's email refers to disputes pertaining to his discovery requests and whether HCA Healthcare was an employer of Mr. Ward. His email did not specify any meet and confer efforts consistent with the Local Rules. Nor did his email indicate the specific nature of the dispute or when those disputes arose. To ensure the parties had meaningfully conferred prior to setting a pre-motion conference, the Court instructed the parties to meet and confer consistent with D. Kan. Rule 37.2 and then to re-engage the Court. Plaintiff presents no basis for the undersigned to recuse.

Fifth, Mr. Ward takes issue with the Court's response to his subsequent email on February 3, 2024. He re-engaged the Court and sought to schedule a pre-motion conference. While he did not indicate whether any meet and confer efforts had taken place, the Court relented and offered times

---

[3]The status of Plaintiff's employment relationship with the Defendants will be an issue for either the District Judge to decide, by way of a dispositive motion, or for a jury to decide should the case proceed to trial.

for the following week. In response, he sought to delay the conference for over month and beyond the discovery deadline. During this time, he filed a motion requesting an extension of the discovery deadline and for confusing relief concerning Defendant HCA Healthcare. The Court was not agreeable to delaying the conference and set the motion for a hearing the following week. Although Mr. Ward's thinks his request to delay the matter after the discovery deadline was "logical," the Court disagrees. Disagreeing with a party is not a basis for recusal.

After considering each argument by Plaintiff, the Court concludes that recusal is not appropriate. Many of the Plaintiff's alleged instances of bias or prejudice stem from misunderstanding the Local Rules and Federal Rules of Civil Procedure. The Court advises the Plaintiff to review the Local Rules as well as the Federal Rules. While he is pro se, he is still expected to comply with the procedural rules of the Court. *Hammad v. Bombardier Learjet, Inc.*, 192 F. Supp. 2d 1222, 1228 (D. Kan. 2002) ("[T]he fact that plaintiff is proceeding pro se does not excuse his noncompliance with every litigant's duty to comply with the fundamental rules of procedure."). The remaining instances of bias or prejudice arise from Plaintiff's perception of unfavorable rulings. However, as discussed above, none of those rulings bring the undersigned's impartiality into question. Neither of the recusal statutes apply, and thus, Plaintiff's motion for recusal of the undersigned Magistrate Judge is **DENIED.**

### b. Motion to Stay Discovery

Plaintiff next moves to stay discovery pending resolution of Plaintiff's motion to recuse. Doc. 44. "The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." *Toney v. Harrod*, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme

circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

Here, the Court does not find any basis to stay discovery. Moreover, Plaintiff's stated basis for the stay has passed. The motion to recuse has been resolved. Accordingly, Plaintiff's motion to stay discovery is **denied as MOOT**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to recuse is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay discovery is **denied as MOOT**.

**IT IS SO ORDERED.**

Dated February 13, 2024, at Wichita, Kansas.

/s Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge