UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM OSCAR WARD,<br><br>         Plaintiff,<br><br>         v.<br><br>WESLEY MEDICAL CENTER, LLC and HCA HEALTHCARE, INC.,<br><br>         Defendants. | Case No. 23-1091-HLT-BGS |

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se[1] Plaintiff William Oscar Ward's (hereinafter "Plaintiff" or "Mr. Ward") Motion for Reconsideration on the Court's order on Plaintiff's "Motion to Clarify Regarding Joint Meet and Confer Status on Employer-Employee Relationship." *See* Docs. 41, 47, and 49. In support thereof, he argues that due to an anxiety disorder, he is entitled to participate in hearings by solely remote means under the Americans with Disabilities Act ("ADA"). For the reasons stated below, the motion for reconsideration is **DENIED**.[2]

### I.  Background

Plaintiff brings four claims against Defendants Wesley Medical Center, LLC and HCA Healthcare, Inc. for (1) violations of the ADA; (2) retaliation under the ADA; (3) violations of the Family and Medical Leave Act ("FMLA"); and (4) retaliation under the FMLA. A scheduling conference was held on September 18, 2023. During the scheduling conference, there was a dispute

---

[1]Plaintiff proceeds pro se. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

[2]Under D. Kan. Rule 7.3, motions to reconsider may be denied without further briefing. Responses are not necessary unless a deadline is specifically set. The Court did not set a response deadline and further briefing is not necessary to decide the issues in Plaintiff's motion.

1

concerning whether Defendant HCA Healthcare, Inc. was a proper party to the lawsuit.[3] In an effort to facilitate resolution of the issue, the Court ordered the parties to confer and submit a joint status report to the Court indicating whether Defendant HCA Healthcare, Inc. will remain as a party. The Court received the joint status report which stated that the parties could not come to an agreement. Given that the parties fulfilled the Court's instructions, the Court took no further action on the matter.[4]

On February 3, 2024, Mr. Ward emailed the Court to request a conference to discuss pending discovery issues relating to whether HCA Healthcare, Inc. was his employer during the time of his alleged discrimination. Mr. Ward responded on February 7, 2024, and stated that he did not want a conference prior to March 15, 2024. In the meantime, he filed a motion for clarification in which he sought clarification regarding the employer-employee relationship between HCA Healthcare and Plaintiff, an explanation of why the Court had not issued a ruling or guidance pertaining to that dispute, and an extension of the discovery deadline. Doc. 41. The Court set a hearing for February 13, 2024, by telephone.

During the hearing, which was on the record, the Court provided Plaintiff with a detailed explanation of the purpose of the joint-status report regarding HCA Healthcare. After some inquiry by Plaintiff and further explanation from the Court, Plaintiff stated he had no further questions. The Court then discussed Plaintiff's request to move the discovery deadline. Because Plaintiff did not establish a basis to move the discovery deadline in his written motion or establish good cause to move the deadline during the hearing, the Court denied his request to move the discovery deadline.[5]

---

[3] In its answer, Defendant HCA Healthcare, Inc. denied that it ever employed Plaintiff. Doc. 8.

[4] The status of Plaintiff's employment relationship with the Defendants will be an issue for either the District Judge to decide, by way of a dispositive motion, or for a jury to decide should the case proceed to trial.

[5] Mr. Ward was again reminded of Local Rules 37.1 and 37.2 in the event he had issues with Defendants' discovery requests. Specifically, he was advised of the 30-day motion to compel deadline as well as the duty

A text order was entered on February 13, 2024, granting in part and denying in part Plaintiff's Motion to Clarify.  Doc. 47.  That order contained an advisement that future hearings are likely to be held in-person.  *Id.*

Plaintiff filed a timely motion for reconsideration on February 27, 2024, seeking "a reevaluation of the Court's stance on in-person hearings."  Doc. 49.  In accordance with D. Kan. Rule 7.3, the Court does not find that further briefing is necessary and is prepared to rule.

## II.     Legal Standard

A party may seek reconsideration of a court order within 14 days after the order is served.  The motion must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3 (emphasis added).  "A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence."  *Azzun v. Kansas Dep't of Health & Env't*, No. 10-2009-JWL, 2010 WL 148801, at *1 (D. Kan. Jan. 14, 2010) (citing *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)).

A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.  *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).  "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Paliwoda v. Showman*, No. 12-2740-KGS, 2014 WL 11517806, at *1 (D. Kan. Sept. 30, 2014) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  *See also RMD, L.L.C. v. Nitto Americas, Inc.*, No. 09-CV-

---

to meet and confer with opposing counsel and set a pre-motion conference with the Court within that time frame.  He was further advised that if 30 days have passed since discovery responses were received and no issues were raised with the Court (or a request to extend the motion to compel deadline), then a motion on the discovery issue(s) may be untimely.

2056-DJW, 2012 WL 5417304, at *1 (D. Kan. Nov. 6, 2012) ("it is well settled that a motion to reconsider is not a second chance . . . to consider new arguments and supporting facts that could have been presented originally.").

"The movant has the burden to show an adequate reason to reconsider the prior order of the Court." *Rand v. Wolf Creek Nuclear Operating Corp.*, No. CIV.A. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012). Whether to grant a motion to reconsider lies in the discretion of the court. *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

### III. Analysis

Plaintiff is not asking for reconsideration of a court order because he fails to contest the Court's prior rulings on Plaintiff's Motion to Clarify. *See* D. Kan. Rule 7.3 ("[a] party may seek reconsideration of a court order"). Instead, Plaintiff challenges the Court's advisement that the parties may be required to attend future conferences in person. The advisement was not part of the basis of the Court's rulings in the underlying order. Nor did it order the parties to do anything. It was an advisement of what the Court is likely inclined to do when scheduling future hearings, which is arguably not appropriate for a motion for reconsideration.

However, even if there was a court order directing all future appearances in person, Plaintiff does not articulate any basis under D. Kan. Rule 7.3 to reconsider the order. He does not cite to an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.

Plaintiff argues that he has an anxiety disorder which makes in person appearances difficult. While the Court does not doubt that in-person hearings may increase his levels of anxiety, it does not deny him his ability to attend the hearings and prosecute his case. In-person hearings are often more effective, particularly with pro se parties. Although Plaintiff claims he has successfully engaged in remote hearings, the Court notes there has been difficulty with previous telephone

hearings.  By way of example, in a previous hearing, Plaintiff would often take long pauses without response because he was thinking of how to respond.  This led to confusion for the Court and Mr. Ward.

Plaintiff further argues that continuing remote participation is necessary to accommodate equal access to the proceedings.  However, as discussed above, the Court is not denying Mr. Ward access to the proceedings.  The Court has discretion to order in-person hearings when appropriate.  Mr. Ward previously attended the scheduling conference in person and was able to effectively participate in the hearing and articulate his positions.  The Court is confident that Mr. Ward will be able to continue that same level of effectiveness should it schedule in-person hearings or conferences in the future.

The Court assures Plaintiff that it is cognizant of Plaintiff's underlying anxiety and that it will take that into consideration when scheduling and conducting future hearings.  For the reasons set forth above, Plaintiff's Motion for Reconsideration is **denied**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration, Doc. 49, is **DENIED**.

**IT IS SO ORDERED.**

Dated March 7, 2024, at Wichita, Kansas.

/s Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge