UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM OSCAR WARD,

      Plaintiff,

v.

WESLEY MEDICAL CENTER, LLC and HCA HEALTHCARE, INC.,

      Defendants.

Case No. 23-1091-HLT-BGS

## **MEMORANDUM AND ORDER**

On March 1, 2024, Plaintiff filed a Motion for Extension of Time seeking a stay of discovery and extension of the discovery deadline. *See* Doc. 50. Upon review of the motion, it became clear to the Court that there were several discovery issues at play that served in part, as the basis for the request. Accordingly, the Court set the matter for hearing and advised the parties that it would take up all discovery-related issues at that time. *See* Doc. 54.

The matter came on for hearing on March 25, 2024. It was recorded and on the record. Plaintiff appeared in-person and pro se. Defendants appeared through counsel Tim Davis and T.J. Briggs. The Court first addressed the discovery disputes and ruled on the record as to all discovery-related matters. The Court then took up Plaintiff's motion for extension of time. The Court briefly summarizes its rulings on the discovery-related matters below. Plaintiff's motion for extension of time is **GRANTED in part and DENIED in part**.

**I. Discovery Disputes**

Plaintiff's Second Set of Discovery

    1. Interrogatory number 19: This interrogatory seeks information regarding Lisa Clark—the person Plaintiff alleges is responsible for his termination. After discussion with the Court, Defendants agreed to supplement their response to include Ms. Clark's employer and her job title. As such, the Court **orders**

1

       Defendants to supplement their responses to interrogatory number 19 in accordance with what was discussed on the record.

2. <u>Interrogatory number 20 and request for production number 37</u>: These discovery requests seek information relating to an "ethics" complaint filed by Plaintiff in March 2021. Defendant objects that the information sought is not relevant. The Court **overrules** Defendants' objections and **orders** that they supplement their responses.

3. <u>Request for production number 36</u>: This request seeks information related to Plaintiff's employment and job performance from March 1, 2021 to present. Defendants objected that the request is vague and overbroad. Defendants' objection is sustained in part. The discovery request is limited in temporal scope from March 1, 2024, to July 31, 2021. Defendants' objections are otherwise **overruled,** and they are **ordered** to supplement their responses.

<u>Plaintiff's Third Set of Discovery to Defendants</u>

1. <u>Requests for admission numbers 1-6</u>: Plaintiff served the requests for admissions on both Defendant Wesley Medical Center and Defendant HCA Healthcare, Inc. Defendants objected that the requests are not relevant. The Court agreed and **sustained** their objections.

2. <u>Request for production number 1</u>: This request seeks information requested in request for production number 36 in Plaintiff's second set of discovery (discussed *supra*). As such, the Court limits the temporal scope to March 1, 2021, to July 31, 2021. To the extent there are objections, they are **overruled,** and Defendants are **ordered** to supplement their responses.

3. <u>Request for production number 3</u>: This request seeks information pertaining to Defendant HCA Healthcare's organizational structure. Defendants object that the information sought is overbroad. The objection is **sustained**. However, the Defendants are **ordered** to supplement their response to refer Plaintiff to documents already provided. Defendants are further reminded of their obligations under Rule 26 to provide to Plaintiff a copy or description of all documents it may use in support of their defenses.

4. <u>Interrogatories numbers 21-24</u>: Defendants objected that the information sought is not relevant or proportional to the needs of the case. The Court agrees and **sustains** the objections.

5. <u>Interrogatory numbers 25</u>: This interrogatory seeks information relating to what transpired after Plaintiff took his medical leave. Defendants objected that the information sought is not relevant. The Court **sustains in part** Defendants' objection. Defendants are **ordered** to supplement their response to state what investigation was conducted and to provide any additional investigative information related to Plaintiff's medical leave of absence.

The Court further **orders** that Defendants must supplement their discovery responses, as discussion herein by **April 4, 2024.**

## II. Case Schedule

Plaintiff also requested to extend the case schedule and to stay discovery. *See* Doc. 50. The Court denies the request to stay discovery but will grant some modest extensions to the case schedule. <u>No more written discovery may be served</u>. Discovery is limited to depositions and Defendants' supplemental responses to discovery as discussed herein. The case schedule is amended as follows:

| SUMMARY OF DEADLINES AND SETTINGS | |
| --- | --- |
| Event | Deadline/Setting |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **April 26, 2024** |
| Proposed pretrial order due | **May 6, 2024** |
| Pretrial conference (in-person) | **May 16, 2024 at 1:00 p.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **June 14, 2024** |
| Motions challenging admissibility of expert testimony | **June 14, 2024** |
| Trial — ETT 5 days | **T/B/D** |

All other provisions of the original Scheduling Order, Doc. 18, remain in effect. The schedule adopted in this revised case schedule will not be modified except by leave of court upon a showing of good cause.

**IT IS THEREFORE ORDERED** that the Plaintiff's motion for an extension of time and stay of discovery, Doc. 50, is **GRANTED in part and denied in part**.

3

**IT IS FURTHER ORDERED** that Defendant shall supplement their discovery responses by **April 4, 2024**.

**IT IS SO ORDERED.**

Dated March 25, 2024, at Wichita, Kansas.

/s B<small>ROOKS</small> G. S<small>EVERSON</small>
Brooks G. Severson
United States Magistrate Judge