UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM OSCAR WARD,

       Plaintiff,

       v.

WESLEY MEDICAL CENTER, LLC and HCA
HEALTHCARE, INC.,

       Defendants.

Case No. 23-1091-HLT-BGS

**MEMORANDUM AND ORDER**

    This matter comes before the Court on pro se[1] Plaintiff William Oscar Ward's (hereinafter "Plaintiff") motion to reconsider the Court's previous order denying his motion to compel, doc. 140, and the Court's previous order denying his motion for extension of time, doc. 141. After reviewing the motions, the Court **denies** both motions.

**I.    Background**

    This case has been highlighted by repeated delays and repetitive motion practice. While the case has been pending for over 18 months, no pretrial order has been entered. The first case schedule was entered on September 18, 2023. Numerous issues arose after the entry of the case schedule which necessitated court-intervention several times. Toward the end of the discovery period, Plaintiff moved to extend the discovery deadline. The Court held a hearing and ruled on all pending discovery issues. *See* Doc. 63. A new schedule was entered on March 26, 2024, which extended discovery to April 26, 2024, for the limited purpose of conducting depositions and

---

[1]Plaintiff proceeds pro se. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

supplementing discovery responses.  No additional written discovery was to be conducted.  After more disputes, Plaintiff moved to stay the case due to mental health issues.  The Court held several conferences which resulted in the case effectively being stayed for four months.

The Court entered a new case schedule on August 21, 2024.  Consistent with the Court's prior rulings, written discovery was closed; however, it would remain open for the limited purpose of completing three depositions: (1) the deposition of Plaintiff; (2) the deposition of Lisa Clark; and (3) the deposition of HCA Healthcare's corporate representative.  *See* Doc. 98.  The deadline to complete those three depositions was October 31, 2024.  On November 20, 2024, three weeks after the discovery deadline passed, Plaintiff moved to extend the deadline to conduct additional discovery.  *See* Doc. 132.  That motion was also accompanied with a motion to compel seeking additional documents as well as more testimony from Lisa Clark.  *See* Doc. 131.

The Court first ruled on the motion for extension of time which requested to extend the discovery period by 60-days.  That motion was denied.  *See* Doc. 133.  The Court noted that no written discovery and no additional depositions were permitted.  The Court further explained that Plaintiff's motion was untimely and sought to expand the scope of discovery.  As such, the motion was denied.

The Court took up the motion to compel during the pretrial conference on December 17, 2024.  First, the Court denied the motion to compel.  As it related to the deposition of Lisa Clark, the Court reviewed the deposition transcript and found that she answered Plaintiff's questions in a complete and non-evasive fashion.  The Court noted that Plaintiff could have asked further follow-up questions or rephrased his questions but declined to do so.  In regard to the additional document requests, the Court found that Plaintiff's attempt to request additional documents was untimely, as written discovery had been closed for several months.  The proper process to obtain the documents was through a Rule 34 document request and not by instructing a witness to produce documents at a

deposition. As such, the Court denied the motion to compel on the record. *See* Doc. 137.

After spending time going through the draft pretrial order with the parties, the Court requested the parties make minor modifications and additions to the draft order. On December 18, 2024, the Court emailed a revised draft order with the undersigned's suggested revisions and comments in the margins. The comments in the margins contained the information discussed during the pretrial conference. The Court gave instructions for the parties to submit a draft which addressed the suggested revisions by December 27, 2024. On December 23, 2024, Plaintiff filed a motion for extension of time to submit a revised pretrial order. That motion was denied because the Plaintiff did not establish good cause for the extension. *See* Doc. 138. Undeterred, Plaintiff filed a motion for reconsideration of the Court's order denying his motion for extension of time and the Court's order denying his motion to compel. After review, the Court **DENIES** both motions.

## II. Legal Standard

A motion for reconsideration must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3 (emphasis added). "A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence." *Azzun v. Kansas Dep't of Health & Env't*, No. 10-2009-JWL, 2010 WL 148801, at *1 (D. Kan. Jan. 14, 2010) (citing *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)).

A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed. *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Paliwoda v. Showman*, No. 12-2740-KGS, 2014 WL 11517806, at *1 (D. Kan. Sept. 30, 2014) (quoting *Servants of Paraclete v.*

*Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  *See also RMD, L.L.C. v. Nitto Americas, Inc.*, No. 09-CV-2056-DJW, 2012 WL 5417304, at *1 (D. Kan. Nov. 6, 2012) ("it is well settled that a motion to reconsider is not a second chance . . . to consider new arguments and supporting facts that could have been presented originally.").

"The movant has the burden to show an adequate reason to reconsider the prior order of the Court."  *Rand v. Wolf Creek Nuclear Operating Corp.*, No. CIV.A. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012).  Whether to grant a motion to reconsider lies in the discretion of the court.  *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

## III.    Analysis

### a.    Motion for Reconsideration of Court's Order Denying Motion to Compel

Plaintiff moves for reconsideration of the Court's previous ruling on the motion to compel because he believes the ruling was "based on misunderstandings of the facts and an erroneous application of legal standards."  Doc. 140, at 1.  He also argues the availability of new evidence and that there is a need to correct clear error or prevent manifest injustice.

In his motion, he states that "[d]uring the depositions of Lisa Clark and Ed Curvin, critical new evidence emerged that was not previously available. Specifically, Ms. Clark's testimony revealed significant discrepancies regarding her employment status and the rationale for Plaintiff's termination."  *Id.*  First, the "availability of new evidence" refers to new information learned after the Court's ruling—not to new information learned during discovery.  Second, the deposition of Lisa Clark, and Plaintiff's arguments thereto, have already been fully considered by the undersigned. Therefore, there is no need to reconsider its ruling on that basis.

Manifest injustice "is commonly defined as '[a] direct, obvious, and observable error in a trial court . . . .'"  *Tri-State Truck Ins., Ltd. v. First Nat. Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (quoting Black's Law 8 Dictionary 1048 (9th ed. 2009)).

"Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is apparent to the point of being indisputable." *Id.* In his motion, Plaintiff generally states that he will not be able to "present a comprehensive case." He believes the information is necessary to verifying timelines and substantiating allegations. However, Plaintiff has had ample opportunity to conduct the discovery he needs. Discovery was open far longer than most employment discrimination cases. He was provided sufficient time to request documents, conduct depositions, and seek any other information he felt was relevant and proportional to the case. Since Plaintiff was given adequate time during discovery, the Court does not find manifest injustice is present.

Plaintiff also states that the Court misapplied the law because it "did not account for the new evidence revealed during depositions, which constitutes good cause to reopen discovery under Rule 16(b)(4)." Doc. 140, at 2. However, as already discussed, the Court has already fully addressed those arguments when ruling on the motion. An oral request for documents in a deposition is not equivalent to a written request for the production of documents, which is the procedural mechanism to request documents under Fed. R. Civ. P. 34. Plaintiff failed to request those documents during the discovery period nor were the documents responsive to previously issued discovery requests. Plaintiff does not point to a direct, obvious, and observable error in the Court's order. *See Tri-State Truck Ins.*, 2011 WL 4691933, at *3. A motion to reconsider is not a second chance to dress up arguments that previously failed. *Voelkel*, 846 F. Supp. at 1483.

Accordingly, Plaintiff's motion for reconsideration of the Court's order denying the motion to compel is **DENIED**.

### b. Motion for Reconsideration of Court's Order Denying Motion for Extension of Time

Plaintiff next moves to reconsider the Court's order denying his motion to extend the time to submit a revised pretrial order. *See* Doc. 141. He states that reconsideration is warranted "based

on newly discovered evidence, errors in the application of legal standards, and the need to ensure a fair trial." *Id.*, at 1. Plaintiff again appears to move to reconsider based on the need to prevent manifest injustice, the availability of new evidence, and misapplication of the law.

First, Plaintiff advance similar arguments for manifest injustice as he did in the first motion to reconsider. He argues that denial would impact his ability to prepare for trial. However, he has had ample time to prepare his case and was given adequate time to prepare his portions of the pretrial order. Therefore, manifest injustice is not present.

Second, he argues that the recording of the pretrial conference is "new evidence" which justifies reconsideration. He further argues that he has memory issues which makes the recording necessary. However, because the Court was sensitive to Plaintiff's memory issues, the Court memorialized its suggested revisions and comments in the draft that was sent to the parties on December 18, 2024. Everything that needed to be changed or added to the pretrial order was contained within the margins of the draft that was sent to the parties. Moreover, the suggested revisions were modest and minor, and would not require extensive work or preparation. Further, the recording is not "new evidence" because it was addressed in his original motion. As such, the availably of new evidence does not warrant reconsideration.

Third, Plaintiff argues that the Court misapplied the law. Fed. R. Civ. P. 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." The Tenth Circuit has held that the good cause standard requires the movant to show that "scheduling order deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988-89 (10th Cir. 2019). *See also* Fed. R. Civ. P. 16 advisory committee's note to the 1983 amendment (stating that good cause exists when a deadline cannot reasonably be met despite a party's due diligence). The good cause standard also requires the moving party to provide an adequate explanation for any delay. *Tesone*, 942 F.3d at 988.

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Ikona v. AHC of Overland Park, LLC*, No. 22-2016-KHV-RES, 2022 WL 4245478, at *4 (D. Kan. Sept. 15, 2022) (quoting *Tesone*, 942 F.3d at 989). The failure to proceed with the normal process of discovery is not good cause under Rule 16. *Id.*

Here, the Court found that Plaintiff had not established good cause for the requested extension and the modifications requested were minimal. In Plaintiff's motion to reconsider, he mainly rehashes his previous arguments that failed, which is not a basis for reconsideration. The Court fully considered Plaintiff's original motion and found good cause did not exist, and it reaches the same conclusion now. Plaintiff's motion for reconsideration of the Court's order denying his motion for extension of time is **DENIED**.

Given that Plaintiff filed his motions on the morning the draft pretrial order was due, and the Court was not able to file its order until several hours later, it will allow the parties until **December 31, 2024, at 12:00 p.m.** to submit their revised pretrial order.

   **IT IS THEREFORE ORDERED** that Plaintiff's Motions for Reconsideration, Docs. 140, 141, are **DENIED**.

   **IT IS FURTHER ORDERED** that the parties have until **December 31, 2024, at 12:00 p.m.** to submit their revised pretrial order.

   **IT IS SO ORDERED.**

Dated December 27, 2024, at Wichita, Kansas.

/s/ B<small>ROOKS</small> G. S<small>EVERSON</small>
Brooks G. Severson
United States Magistrate Judge
